UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OYD COLLINS McCRAY,

                    Petitioner,

v.                                          CASE NO. 03-CV-73490-DT
                                            HONORABLE ARTHUR J. TARNOW
DOUGLAS VASBINDER,

                    Respondent.
_____/

### ORDER GRANTING PETITIONER'S
### MOTION FOR AN EVIDENTIARY HEARING

Petitioner Oyd Collins McCray has applied for the writ of habeas corpus under 28 U.S.C.

§§ 2241 and 2254.  The habeas petition challenges Petitioner's 1994 state court convictions for

first-degree murder and possession of a firearm during the commission of a felony.  Respondent

moved for summary judgment and dismissal of the habeas petition on the ground that it was

barred from review by Petitioner's failure to comply with the one-year statute of limitations.

Petitioner responded that the Court should equitably toll the statute of limitations because he was

actually innocent of the murder.

On September 27, 2004, the Court denied the parties' motions without prejudice and

ordered an evidentiary hearing on whether the statute of limitations should be tolled for

Petitioner's claim of actual innocence.  The evidentiary hearing was held on March 22, 2005.

The Court concluded in a subsequent opinion and order that, although the statute of

limitations expired before Petitioner filed his habeas petition, he had made a colorable showing

of actual innocence and was entitled to proceed with his claims.  The Court then ordered

*McCray v. Vasbinder*, No. 03-73490

Respondent to file an answer to Petitioner's claims.  Respondent argued in his subsequent answer that Petitioner had failed to make an adequate showing of actual innocence and, therefore, the Court need not reach the merits of his claims.

As noted, the Court has already concluded that Petitioner made a colorable showing of actual innocence sufficient to equitably toll the statute of limitations.  In addition, at least one of Petitioner's claims has arguable merit, relevant facts are in dispute, and the state courts did not conduct an evidentiary hearing.  "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'"  *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *"Wilson v. Kemna*,  12 F.3d 145, 146 (8th Cir.1994)).

Because Petitioner has met this standard, his motion for an evidentiary hearing is GRANTED. The hearing will be held on **Monday, February 13, 2006 at 2:00 p.m.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  December 13, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

2