UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OYD COLLINS MCCRAY,

                    Petitioner,

                                        CASE NO. 03-73490

v.                                HONORABLE ARTHUR J. TARNOW

DOUGLAS VASBINDER,

                    Respondent.

_____/

## ORDER GRANTING PETITIONER'S REQUEST
## FOR AN UNCONDITIONAL WRIT OF HABEAS CORPUS

### I. Background

This matter is pending before the Court on Petitioner's request for immediate release from the custody of the Michigan Department of Corrections. The Court granted a conditional writ of habeas corpus on September 14, 2006. The basis for the conditional grant of the writ was defense counsel's failure to investigate and call additional defense witnesses. The Court ordered the State to release Petitioner unless it retried him within ninety days of the Court's decision. The State appealed the Court's order, but it did not move for a stay.

Petitioner recently moved to have the Court issue an unconditional writ of habeas corpus on the ground that the State took no steps to retry him within the ninety-day deadline set by the Court. On December 19, 2006, the Court ordered the State to show cause why Petitioner should not be released from custody.

The State alleges in response to the Court's order that its failure to move for a stay was due to neglect. The State now seeks a stay on the grounds that it would be difficult to retry a

*McCray v. Vasbinder*, No. 03-73490

1994 murder case, that there is a strong likelihood of success on appeal, and that the remaining portion of Petitioner's sentence is lengthy.  The State maintains that Petitioner was properly convicted of murder and that his release might compromise the State's ability to prosecute the appeal.  The State also asks that consideration be given to the victim's family, whom it believes is entitled to a measure of finality.  In a motion to amend its answer, the State asks that it be given ten days to appeal the Court's order if the Court grants Petitioner's motion for immediate release.

## II.  Discussion

Conditional grants of the writ of habeas corpus are "'accommodations accorded to the state.  They represent a [habeas] court's holding that a[n] . . . infirmity justifies  petitioner's release.'"  *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006) (alterations in original) (quoting *Phifer v. Warden*, 53 F.3d 859, 864-65 (7th Cir. 1995)).  "[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life."  *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006), *cert. denied*, __ S. Ct. __, 2006 WL 3227208 (U.S. Dec. 11, 2006) (No. 06-627).  Thus, "[w]hen the state fails to cure the error, i.e., when it fails to comply with the order's conditions, '[a] conditional grant of a writ of habeas corpus *requires* the petitioner's release from custody.'"  *Satterlee*, 453 F.3d at 369 (quoting *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985))(emphasis added in *Satterlee*). Conditional grants of the writ of habeas corpus "would be meaningless if a habeas court could not order a noncompliant state to release a prisoner."  *Id*. at 369 n.5.

2

*McCray v. Vasbinder*, No. 03-73490

The State failed to act during the ninety-day window of time that the Court provided for curing the trial court error.  It took no steps to retry Petitioner nor to stay the proceedings.  This inaction demonstrates a "lack of diligence in taking advantage of the procedures available to [it]."  *Cristini v. McKee*, No. 01-CV-74483-DT, 2006 WL 2502410, at *2 (E.D. Mich. Aug. 29, 2006) (Hood, J.).  The State's lack of diligence and failure to comply with the Court's dispositive opinion require the Court to grant an unconditional writ of habeas corpus.  *Satterlee*, 453 F.3d at 369; *Gentry*, 456 F.3d at 692.  The conditional grant has become absolute, nullifying Petitioner's conviction, because the State did not retry Petitioner, nor move for a stay within a reasonable time.  *United States v. Coleman*, 458 F.3d 453, 456 (6th Cir. 2006).

Accordingly, Petitioner's request for issuance of an unconditional writ [Doc. #54, Dec. 14, 2006] is GRANTED.  The State's motion to amend its answer [Doc. 57, Dec. 28, 2006] is granted in part and denied in part.  The Court GRANTS the request to amend the previous answer to the show cause order, but the request for a stay of ten days to seek review of this order is DENIED.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  January 16, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 16, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

3