UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OYD COLLINS McCRAY,

        Petitioner,

v.                                   CASE NO. 03-73490
                                     HONORABLE ARTHUR J. TARNOW

DOUGLAS VASBINDER,

        Respondent.

_____/

## ORDER TRANSFERRING PETITIONER'S RULE 60(b) MOTION
## TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION

      Habeas petitioner Oyd Collins McCray has moved for relief from this Court's order dated September 12, 2007. He brings his motion under Federal Rule of Civil Procedure 60(b).

      The Court granted Petitioner's habeas corpus petition, but the United States Court of Appeals for the Sixth Circuit reversed this Court's decision. The Court of Appeals ruled that Petitioner did not comply with the one-year statute of limitations and that the limitations period was not equitably tolled by Petitioner's claim of actual innocence. Accordingly, on September 12, 2007, this Court vacated its order granting a writ of habeas corpus and dismissed the habeas petition as time-barred.

Petitioner alleges in his pending motion that he has new evidence of actual innocence, which renders this Court's previous order incorrect. More specifically, Petitioner alleges that he has discovered a witness who was present at the pretrial lineup and is able to testify that an eyewitness was unsure of his identification and that the police impermissibly tainted the identification by telling the eyewitness that he had picked the correct person. Petitioner seeks an evidentiary hearing and permission to file a supplemental brief on the application of Rule 60(b) to the order that vacated the Court's grant of the writ of habeas corpus.

Federal Rule of Civil Procedure 60(b) authorizes a federal court to relieve a party from a final judgment for several reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). However, a motion under Rule 60(b)(2) that presents new evidence in support of a claim already litigated is, in substance, a habeas corpus petition and should be treated accordingly. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). The Court therefore construes Petitioner's motion to be another habeas corpus petition.

Before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). A Rule 60(b)(2) motion may not be used to circumvent this requirement. *Gonzalez*, 545 U.S. at 532.

Therefore, the Clerk of Court is **ORDERED** to transfer Petitioner's motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").[1]

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  May 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 15, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.