UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OYD COLLINS McCRAY,

        Petitioner,

v.                                  CASE NO. 03-73490
                                  HONORABLE ARTHUR J. TARNOW
DOUGLAS VASBINDER,

        Respondent.

_____/

# ORDER
## (1) GRANTING PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING AND
## (2) DIRECTING RESPONDENT TO FILE AN ANSWER TO PETITIONER'S MOTION FOR RECONSIDERATION

Pending before the Court is petitioner Oyd McCray's motion for reconsideration of the Court's order denying his motion for relief from judgment. Petitioner was convicted of first-degree murder and felony firearm in 1994. The convictions arose from the fatal shooting of Perry (Tommy) Leonard in Detroit, Michigan on February 28, 1994. Mr. Leonard was shot while seated in his Chevrolet Suburban on Bessemore Street. A passerby named Eric Perrin observed the shooting and identified Petitioner as the shooter. Another witness, Dartrell Effinger, heard gunfire shortly after he observed Petitioner talking to Mr. Leonard.

Petitioner pursued state court remedies and then filed a petition for the writ of habeas corpus in this Court. The Court granted a conditional writ of habeas corpus, but on August 28, 2007, the United States Court of Appeals for the Sixth Circuit reversed this Court's decision on the ground that Petitioner did not comply with the one-year statute of limitations and did not

satisfy the gateway requirements for excusing a time-barred claim. *See McCray v. Vasbinder*, 499 F.3d 568 (6th Cir. 2007), *cert. denied*, 552 U.S. 1192 (2008). On remand, this Court vacated its opinion and judgment granting the writ of habeas corpus and dismissed the petition as time-barred.

Petitioner then filed a motion for relief from judgment in which he claimed to have new evidence of actual innocence that rendered the Court's judgment incorrect. The Court denied the motion after concluding that Petitioner had failed to show no reasonable juror would have found him guilty in light of the new evidence.

Petitioner currently seeks to have the Court reconsider its order denying his motion for relief from judgment. He purports to have new evidence of actual innocence that justifies re-opening the Court's judgment and holding an evidentiary hearing.

The new evidence consists of three affidavits. The first affidavit is signed by Donte Effinger, who alleges that he was a participant in a lineup with a man named McCray on March 3, 1994. Donte claims that someone named Eric informed him after the lineup that he (Eric) was not certain whether he picked the correct person, but that a female police officer assured him that he did.

The second affidavit is signed by Demetrus Smith, who claims that Eric Perrin is his father and that Mr. Perrin admitted to him in 1996 that he once identified the wrong person in a criminal case and that he had been pressured by the police to make the identification. By chance, Mr. Smith met Petitioner in prison and learned then that Petitioner was the person whom his father had incorrectly identified. The third and final affidavit comes from Redrick Character,

who claims that he witnessed the shooting of Tommy Leonard and that Petitioner was not the shooter.

Actual innocence is a form of equitable tolling that can excuse the failure to file a timely habeas petition. *See McCray*, 499 F.3d at 571. When determining whether an applicant has met the requirements for establishing a cognizable claim of actual innocence, courts apply the actual-innocence standard developed in *Schlup v. Delo*, 513 U.S. 298 (1995). *Id*. This standard requires the petitioner to show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.

An evidentiary hearing is necessary to assist the Court in assessing whether a reasonable juror would have found Petitioner guilty beyond a reasonable doubt in light of the new evidence. Accordingly, Petitioner's request for an evidentiary hearing is **GRANTED**. The evidentiary hearing will be held on **Thursday, October 21, 2010 at 10:00 a.m**. It is further **ORDERED** that Respondent shall file an answer to Petitioner's motion for reconsideration within **fourteen (14) days** of the date of this order.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: September 21, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary